UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CASE NO.: 5:07-CV-20-R

ELMER RAY WAID & BEVERLY WAID,
Co-Administrators of the ESTATE OF KENNETH
M. WAID, et. al.,                                                                                  PLAINTIFFS

v.

INGRAM BARGE COMPANY, et. al.,                                        DEFENDANTS

**OPINION & ORDER**

This matter comes before the Court on the Plaintiffs' Motion to Remand (Docket #7). The Defendants have responded to that motion (Docket #12). This matter is now ripe for adjudication. For the following reasons, the Plaintiffs' motion to remand is **GRANTED**.

**BACKGROUND**

On January 31, 2006, Kenneth M. Waid ("Mr. Waid"), was killed while working for Defendant Ingram Barge Company ("Ingram"), when a forklift he was operating failed on him. Plaintiffs, on behalf of the decedent, Mr. Waid, originally filed their complaint in the Circuit Court of Hickman County, Kentucky, on January 24, 2007, alleging a Jones Act claim against Ingram, and claims for state law negligence, breach of warranty and strict liability against Defendants Case New Holland, Inc. ("CNH Inc.") and CNH America LLC ("CNH America"). On February 9, 2007, Defendants CNH Inc. and CNH America removed the case to this Court pursuant to 28 U.S.C. § 1332, asserting diversity jurisdiction.

In this action, the Plaintiffs seek to remand the case back to the Hickman Circuit Court, arguing that the Jones Act claim filed against Ingram was non-removable, and therefore, jurisdiction rests with the state court. The Defendants contend that the Plaintiffs fraudulently asserted a Jones Act claim against Ingram in order to defeat diversity jurisdiction, and therefore,

the Court should deny the motion to remand because the decedent was not a "seaman" under the Jones Act.

## STANDARD

The defendant that removes a case from state court to federal court bears the burden of establishing federal subject-matter jurisdiction. *Ahearn v. Charter Township of Bloomfield*, 100 F.3d 451, 453-54 (6th Cir.1996).

## DISCUSSION

The United States Supreme Court, in *Lewis v. Lewis & Clark Marine, Inc.*, held that a Jones Act claim is not subject to removal to federal court even in the event of diversity of the parties. *Lewis v. Lewis & Clark Marine, Inc.*, 531 U.S. 438, 455 (2001) (citing 28 U.S.C. § 1445(a)). However, some jurisdictions permit a fraudulently pled Jones Act claim to be removed to federal court if the defendant can prove there is no possibility that the plaintiff can establish a Jones Act claim. *See Burchett v. Cargill*, 48 F.3d 173, 176 (5th Cir.1995); *Lackey v. Atlantic Richfield Co.*, 990 F.2d 202, 207 (5th Cir.1993)(holding that "the Court can look beyond the pleadings to determine whether plaintiff has any chance of prevailing on the nonremovable claim...[i]f the plaintiff cannot under any circumstances prevail, then the nonremovable claim is said to be 'fraudulent,' and the Court can ignore the nonremovable claim for determining removal jurisdiction."); *see also Boyle v. Chicago R.I. & P. Ry.*, 42 F.2d 633, 634-35 (8th Cir.1930); *Chacon v. Atchison, T. & S.F. Ry.*, 320 F.2d 331, 332 (10th Cir.1963).

Here, the Defendants argue that Mr. Waid was not a seaman under the Jones Act at the time of his death. In noting that the initial complaint filed with the Hickman Circuit Court in September 2006 did not assert a Jones Act claim against Ingram, the Defendants contend that

because the accident took place in a field, there was no "employment connection to a vessel in navigation" as set out by the United States Supreme Court in *Chandris, Inc. v. Latsis*, 515 U.S. 347, 354 (1995).  In addition, the Defendants note that Ingram has denied that Mr. Waid was a seaman under the Jones Act, and that in Ingram's answer it stated that Mr. Waid was a "general land-based laborer," not a seaman.

The Sixth Circuit has not yet addressed this specific issue; however, the Court has held that "[t]he question of seaman status should *only* be removed from the trier of fact by summary judgment or directed verdict in rare circumstances, and even marginal Jones Act claims should be submitted to the jury." *Taylor v. Anderson-Tully Company*, 960 F2d. 150, 1992 WL 78101, *3 (6th Cir. 1992)(emphasis added).  However, the Court may decide a question of seaman status when the underlying facts are undisputed. *Taylor* at *3.

In *Arnold v. Luedtke Engineering Co.*, the Sixth Circuit addressed whether the district court erred when it granted summary judgment against the injured plaintiff-employee on his Jones Act claim, determining whether or not the seaman status inquiry should have gone before the finder of fact. *Arnold v. Luedtke Engineering Co.*, 196 Fed. Appx. 331, 334-35 (6th Cir. 2006).  The Court, in citing the United States Supreme Court case of *Harbor Tug & Barge Co. v. Papai*, 520 U.S. 548, 556 (1997), held that:

> [w]hen we start from the position, as the Supreme Court instructs us to, that it is often inappropriate to take this particular question away from the jury, and we combine that with (1) our mandate concerning summary judgment (we must take all facts in the light most favorable to the nonmoving party) and (2) the district court's repeated warning that the 'factual issues in this case were close and difficult,' there should be little disagreement with our decision to reverse the district court and remand this case for trial. Neither this Court nor the district court below should take this question of fact out of the hands of a jury.

*Arnold* at 335.

In the instant matter, although the Court is not addressing a motion for summary judgment, the burden is on the Defendant to show there is no possibility that the plaintiff can establish a Jones Act claim. In addition, the Defendant also bears the burden of establishing federal subject-matter jurisdiction. *Ahearn*, 100 F.3d at 453-54. Although the Defendants contest the seaman status of Mr. Waid, the Plaintiffs' complaint alleges a sufficient claim against Ingram under the Jones Act. In their complaint, the Plaintiffs allege Mr. Waid was "an American Seaman assigned as a crew member serving aboard vessels within the Defendant's fleet." (Complaint, ¶7). Further, the complaint states that Ingram "was the Jones Act employer of Plaintiffs' decedent, Kenneth M. Waid." (Complaint, ¶8). Lastly, the complaint states that Mr. Waid was working on a vessel lying in United States navigable waters on the day of the injury. (Complaint, ¶13). These facts alleged in the complaint paint a different picture than the facts provided by the Defendants. As such, the facts in this matter are not undisputed.

As noted by the Court in *Arnold*, the second prong of the *Chandris* test requires that a seaman "'must have a connection to a vessel in navigation (or to an identifiable group of such vessels) that is substantial in terms of both duration and nature.'" *Arnold* at 335 (quoting *Chandris*, 515 U.S. at 369).[1] In *Arnold*, the Court, in quoting *Chandris*, stated that "'a worker who spends less than about 30 percent of his time in the service of a vessel in navigation should not qualify as a seaman under the Jones Act.'" At this time, the Court does not know what percentage of time Mr. Waid spent aboard a vessel. Accordingly, at this juncture, without the

---

[1] The Court in *Arnold* noted that "Chandris' first prong requires that 'an employee's duties must contribute to the function of the vessel or to the accomplishment of its mission [*Chandris* at 369]. The Supreme Court in *Chandris* admitted that satisfying the first prong of the test is relatively easy: the claimant need only show that he 'does the ship's work.' *Id*. This threshold requirement is 'very broad,' encompassing 'all who work at sea in the service of a ship.' *Id*." *Arnold* at 335.

benefit of discovery, the Court cannot determine the seaman status of Mr. Waid at the time of his death.

As the Court cannot determine the seaman status of Mr. Waid at the time of his death, the Court finds that the Defendants have not met their burden in establishing subject-matter jurisdiction.[2]  As the Supreme Court in *Lewis* has held that a Jones Act claim is not subject to removal to federal court even in the event of diversity of the parties, the Court finds that the proper jurisdiction for this matter is the Circuit Court of Hickman County, Kentucky.

## CONCLUSION

**IT IS SO ORDERED:**

The Plaintiff's Motion to Remand is **GRANTED**.  The case shall be **REMANDED** to the Hickman Circuit Court, in Hickman County, Kentucky, for all further proceedings in accordance with this opinion and order.

---

[2]The Court also notes that other jurisdictions have held that the "fraudulent removal doctrine" argued by the Defendants does not apply after removal because the district court already possesses jurisdiction. *See Mayes v. Rapoport*, 198 F.3d 457, 463 (4th Cir. 1999); *Cobb v. Delta Exports, Inc.*, 186 F.3d 675, 678 (5th Cir. 1999). Further, this doctrine addresses attempts by a plaintiff to fraudulently join a party in order to defeat jurisdiction by destroying diversity of citizenship under 28 U.S.C. § 1332, which is not the case in the instant matter. *See Jerome-Duncan, Inc. v. Auto-By-Tel, LLC*, 176 F.3d 904, 907 (6th Cir. 1999).